Contrary to the finding of the IAS court, the clause at issue, which provides that defendant “may” in its “sole discretion” pay plaintiff a bonus based on an assessment of its performance, was not a conditional promise, but an entirely discretionary clause that imposed no obligation on defendant to pay (Hunter v Deutsche Bank AG, N.Y. Branch, 56 AD3d 274 [1st Dept 2008]). Nor did the “approval” of the bonus by defendant’s special committee create some obligation on defendant to make the wholly discretionary payment (id,.; see generally Matter of Cosmopolitan Mut. Cas. Co. of N.Y. v Monarch Concrete Corp., 6 AD2d 163, 166 [1st Dept 1958], revd 6 NY2d 383, 388 [1959]).
While the parties’ amended agreement was properly read by the court to include a right to indemnification of plaintiffs attorney’s fees in a direct party action (see Breed, Abbott & Morgan v Hulko, 74 NY2d 686 [1989]), because plaintiff had no right to enforce payment of the aforementioned discretionary bonus sought herein, the cause of action for attorney’s fees should also have been dismissed. Concur — Tom, J.P., Sweeny, Moskowitz, Renwick and Clark, JJ.